By the Court, Cowen, J.
It is objected that the contract of a factor, binding him in the terms implied by a del credere commission, is within the statute of frauds, and should therefore be in writing. Such is the opinion expressed by Theobald, (Pr. and Surety, 64, 5,) and in Chit. On Contr. 209, 10, Am. ed. of 1842. The question was also mooted in Gall v. Comber, (1 B. Moor. 279,) but not decided as seems to be implied in the careless manner in which the case is quoted by Chitty. (8 Taunt. 558, S. C.) All the authority presented on the argument grows out of the nature of the contract as held by the K. B. in Morris v. Cleasby, (4 Maule & Selw. 566, 574,5.) That case certainly defines the liability of the factor somewhat differently from what several previous cases seem to have done. The effect of acting under the commission is said to be, that the factor becomes a guarantor of the debts which are created; that is to say, they are debts due to the merchant, and the factor’s engagement is secondary and collateral, depending on the fault of the debtors, *459 who must first he sought out and called upon by the merchant. (See also Hornby v. Lacy, 6 Maule & Selw. 166, 171, 2; Peele v. Northcote, 7 Taunt. 478, 484, 1 B. Moor. 178, S. C.; Leverick v. Meigs, 1 Cowen, 645, 664.) On this we have the opinion of learned writers that if the agreement del credere be made without writing, the case comes within the statute. On the other hand, approved writers assert that this is not so. (1 Beawes 46, 6th Bond. ed.; 3 Chit. Commercial Law, 220, 1.) It is true, these latter go on the more stringent obligation supposed by Lord Mansfield; that of a principal debtor on the part of the factor, the accessorial obligation lying rather on the purchaser. This view of the matter was no longer correct after the cases I have mentioned were decided. The consequence sought to be derived, however, by writers, is merely speculative; and the contrary has of late been directly held by the supreme court of Massachusetts, in Swan v. Nesmith, (7 Pick. 220.) It is said this was without the court being aware of Morris v. Cleasby. Be that as it may, they seem to have been fully aware of the rule laid down in that case, and to have recognized it as correct. They considered the obligation as a guaranty. But a guaranty, though by parol, is not always within the statute. Perhaps, after all, it may not be strictly correct to call the contract of the factor a guaranty, in the ordinary sense of that word. The implied promise of the factor is merely that he will sell to persons in good credit at the time; and in order to charge him, negligence must be shown. He takes an additional commission, however, and adds to his obligation that he will make no sales unless to persons absolutely solvent; in legal effect, that he will be liable for the loss which his conduct may bring upon the plaintiff, without the onus of proving negligence. The merchant holds the goods, and will not part with them to the factor without this extraordinary stipulation, and a commission is paid to him for entering into it. What is this, after all, but another form of selling the goods 1 Its consequences are the same in substance. Instead of paying cash, the factor prefers to contract a debt or duty which obliges him to see the money paid. This debt or duty is his own, and arises from an adequate consideration. It *460 is contingent, depending on the event of his failing to secure it through another—some future vendee, to whom the merchant is first to resort. Upon non-payment by the vendee, the debt falls absolutely on the factor. As remarked by Parker, C. J, in Swan v. Nesmith, the form of the action does not seem to be material in such case; that is to say, whether the merchant sue for goods sold, or on the special engagement. The latter is perhaps the.settled form; but still the action is, in effect, to recover the factor’s own debt. In the late case of Johnson v. Gilbert, (4 Hill, 178,) the defendant, in consideration of money paid for him by the plaintiff, assigned a chattel note and guarantied its payment. In such a case the declaration must be on the guaranty to pay the debt of another; but this is so in form merely. We held that the contract was to pay the defendant’s own debt; that it was not a contract to pay as the surety of another. All such contracts and many others, are, in form, to pay the debt of another, and so literally within the statute, but without its intent. A. promise by A. to B.', that the former will pay a debt due from the latter, is not within the meaning, though it is within the words. (Conkey v. Hopkins, 17 John. 113; Eastwoods. Kenyon, 11 Adolph. & Ellis, 438.) So are a numerous class of cases, where the promise is made in consideration of the creditor relinquishing some lien, fund or security. (Theobald Pr. and Surety, 45, and the cases there cited.) The merchant gives up his goods to be sold, and pays a premium. Is not this in truth as much and more than many of those cases require which go on the relinquishment of a security ? Suppose a factor agrees by parol to sell for cash, but gives a credit. His promise is virtually that he will pay the amount of the debt he thus malees. Yet who would say his promise is within the statute? The amount of the argument for the defendant would seem to be, that an agent for malting sales, or indeed a collecting agent, cannot, by parol, undertake for extraordinary diligence, because he may thus have the debt of another thrown upon him. But the answer is, that-all such contracts have an immediate respect to his own duty or obligation. The debt of another comes incidentally as a measure of damages.
Judgment affirmed.